LENA MEYERS, Plaintiff, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Defendant.

Municipal Court of New York, Borough of Manhattan, Seventh District, February 14, 1927.

Insurance — life insurance — application stated that decedent had not been under care of physician within five years — evidence shows physician attended decedent on two occasions for influenza within five-year period — misrepresentation not material — beneficiary entitled to proceeds of policy.

In an action on a life insurance policy, the application for which contained a statement of decedent to the effect that he had not been under the care of a physician within five years next preceding said application, the beneficiary is entitled to the proceeds of the policy, though the evidence shows that decedent was attended by a physician on two occasions for influenza within the five-year period and died of tuberculosis. The proof shows that the decedent suffered from no serious illness or complaint during the five-year period and, therefore, the representation as made by him was not such a material misstatement as to warrant the insurer's refusal to pay the policy.

ACTION to recover on life insurance policy.

*Roger J. Heisler* [*George Green* of counsel], for the plaintiff.

*Edward M. Grout* and *Paul Grout*, for the defendant.

PANKEN, J.   Plaintiff sues as the beneficiary named in a policy issued by the defendant upon the life of her deceased husband, Cecil E. Meyers.   The policy in question was issued on the 16th of June, 1924.   The insured died on December 24, 1924, less than six months after the policy was issued.   The application upon which the policy was issued among other things reads as follows: " 4. I have not been under the care of any physician within five years, except * * *."   No exceptions, however, were made by the applicant on whose life the policy was thereafter issued.   Clause 4 appears under part B of the application.   In another place the application recites as follows: " I hereby certify that I have read the statements in Part A–B hereof before signing; that they are correctly written as given by me; that they are full, true and complete; and that there are no exceptions other than as stated herein."

It appears from the evidence in the case that Dr. David A. Swick in submitting the proof of death of the plaintiff's deceased husband among other things certifies under question 19 appearing on the said proof of death as follows: " From November 3, 1923 to (typed) one visit for influenza.   No definite signs of consolidation in lungs or T B involvement."   Then " From February 19, 1924, one visit."   So that the record shows, therefore, that there were two attendances by a physician upon Cecil E. Meyers within five years next preceding his application for insurance to the defendant.

The question for me to decide is, were the statements made in part B 4 withheld by the applicant for insurance material or immaterial?

The courts have held that a false statement or the withholding of a statement must be of a material character to vitiate the obligation undertaken by the insurer.

In the case of *Genung* v. *Metropolitan Life Insurance Company* (60 App. Div. 424) the court says: "And it was in evidence that the treatment was merely for a slight indisposition, a cold, which did not take the insured from his business.   He had come into the house from his stores, according to the plaintiff's version of the matter, where the doctor was attending the family for la grippe, and had been given some medicine for a cold."

In the case of *Cushman* v. *U. S. L. I. Co.* (70 N. Y. 72) the court says: " In construing a policy of life insurance it must be generally true that, before any temporary ailment can be called a disease, it must be such as to indicate a vice in the constitution, or to be so serious as to have some bearing upon general health and the con-

tinuance of life, or such as according to common understanding would be called a disease."

In the case of *Travelers Insurance Co.* v. *Pomerantz* (218 App. Div. 431), Judge McAvoy, speaking for the court, gives the facts in that case as follows: " The evidence upon the trial showed that during a period of five years prior to the date of the application, the insured had been visited by physicians ten or twelve times without continuity and at varying periods.   Between the first and second visits three months elapsed; two and one-half years in all before the next visit; then four and one-half months; then about a year; then there were visits at intervals of a month, over three weeks; again three weeks; then four weeks; and finally eight days.   The last visit was six months  before the policy was issued on May 10, 1922.

" The doctors testified that defendant was ' sick ' or ' ailing ' and on no occasion was he sick enough to be in bed.   There was no evidence as to just what ailments or illnesses the defendant suffered from at that period or for what he was treated."

The court concludes in that case as follows: " There was nothing, therefore, upon which to found a ruling that the defendant suffered from or was treated for any serious complaint, ailment, illness or disease within the five years prior to the issuance of the policy."

In the instant case the evidence upon the trial showed that the deceased was visited twice, once in November, and then again in January preceding the June when the application for insurance was made by him.

There is no evidence upon which a finding can be had that the deceased had suffered or was treated for any serious complaint or disease within five years next preceding the application.

In the case of *Eastern District Piece Dye Works* v. *Travelers Ins. Co.* (234 N. Y. 441) the court says: "A misrepresentation contained in the application on the other hand only became a defense if it related to a material matter."

The court refers to section 58 of the Insurance Law, which provides: " Every policy of insurance issued or delivered    *    *    * by any life insurance corporation doing business within the State shall contain the entire contract between the parties    *    *    *; and all statements purporting to be made by the insured shall in the absence of fraud be deemed representations and not warranties."

Construing the section the court says: "A misstatement, even though stated in the form of a warranty, if made in good faith and without this element of fraud passed into the same class as an ordinary representation and became a defense to the policy only if it was material.   On the other hand, the effect of a misrepresentation was left unchanged by the statute."

The court goes as far as to say that: " No person is entirely free from deformities and infirmities. In the broadest interpretation of this language a crooked nose would be a deformity and the slightest impairment of full bodily vigor an infirmity. But of course the language of a representation contained in an application for insurance is not to be construed in any such unreasonable way as this."

In the instant case the misrepresentation claimed by the defendant to have been made by the applicant is that he had not been treated by a physician for a period of five years next preceding the application. The proof shows that he was treated for influenza, but that there was nothing to indicate a consolidation in the lungs or that there was any tubercular involvement. The ailment for which he was treated is one that almost everybody is afflicted with at one time or another. Almost everybody at one time or another suffers from la grippe. It is not a serious sickness.

There is no proof before me as to whether or not the defendant caused the applicant to be examined. It is evident that the applicant appeared to be in good health, whether he was examined or not; otherwise the contract of insurance would not have been executed. An examination of the applicant would have determined whether he was ill or not at the time of the issuance of the policy. The defendant had the right to and could have examined him.

If it did, and issued a policy to the applicant, that would seem to indicate that the deceased was in good health at the time of issuance of the policy. If it did not examine the applicant, and relied merely upon his appearance or upon his statement that he had not been treated by a physician for the five years next preceding his application for insurance, such statement by him was not a material misstatement. The evidence shows that he was employed as a shipping clerk after he had been treated by the physician for influenza. There is no proof before me that his concealment of the fact, if concealment it were, that he had been treated by a physician as is disclosed by the proof, was for the purpose of inducing the defendant to issue the policy upon which the suit is brought herein. It may well have been an omission, because the ailment for which the doctor was called in was not serious, making no impression upon him.

The deceased died of tuberculosis. There is no proof that he was aware at the time of applying for the insurance that he was suffering from tuberculosis or that he was in fact suffering therefrom. The proof is that there were no signs of tuberculosis at the time the doctor treated him. The misstatement was immaterial. I conclude that the plaintiff is entitled to judgment.